## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JORDAN WILLIAMS                                                    PETITIONER
ADC #164235

V.                              No. 4:22-CV-728-BRW-JTR
                        (Related Case: No. 4:21-CV-694-JTR)

DEXTER PAYNE                                                       RESPONDENT

### <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.    Background

Petitioner Jordan Williams ("Williams"), who is currently incarcerated in the Varner Unit of the Arkansas Department of Corrections, has filed another Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2016 convictions

in Hempstead County Circuit Court.[1] *Doc. 2*. Williams challenges the same convictions he previously challenged in *Williams v. Payne*, No. 4:21-CV-694-JTR (E.D. Ark. Aug. 2, 2021) ("*Williams I*").

On June 28, 2022, I dismissed *Williams I*, with prejudice, because all of Williams' claims were barred by the applicable one-year statute of limitations. *Williams I, Doc. 30; Doc. 31*. Williams did not appeal my denial of his habeas Petition.

On July 8, 2022, Williams filed a letter requesting a status update on his initial habeas Petition and a copy of a "28 U.S.C.A. 2244 federal Habeas Application or petition." *Williams I, Doc. 14*. I granted Williams' request for a status update but denied his request for a § 2244 Habeas Application.[2]

On August 15, 2022, Williams initiated this action, which represents his second § 2254 challenge to 2016 state court convictions. For the reasons discussed below, the Court recommends that the case be dismissed, *sua sponte*, because

---

[1] Williams was convicted of two counts of aggravated robbery, one count of aggravated residential burglary, one count of first-degree battery, two counts of second-degree burglary, one count of interference with emergency communication, and one count of theft of property valued at less than $1,000.

[2] The Clerk's Office for the Eastern District of Arkansas provides form documents to prisoners for common causes of action, including forms for 28 U.S.C. §§ 2241, 2254, and 2255 habeas petitions. *See Prisoner Forms*, United States District Court Eastern District of Arkansas, https://www.are.uscourts.gov/Prisoner-Forms (last visited Sept. 12, 2022). But the Clerk's Office does *not* have a form for 28 U.S.C. § 2244, which, in part, governs Motions for Leave to File a Second or Successive Habeas Petition with the "appropriate court of appeals." 28 U.S.C. § 2244(a)(3)(A).

Williams has not obtained permission from the Eighth Circuit Court of Appeals to bring this successive habeas action.

## II.    Discussion

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243.  As part of this initial review, a federal court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Not only has Williams already filed a habeas petition challenging his 2016 convictions in Hempstead County, but his current Petition (*Doc. 1*) raises the identical claims he raised in *Williams I*. Because this petition is clearly a "second or successive" habeas petition, Williams must obtain *prior approval* from the Eighth Circuit because he can properly pursue the claims his is alleging in this action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Nothing in the record suggests that Williams sought authorization from the Eighth Circuit before filing this petition. Unless and until Williams obtains the required authorization from the Eighth Circuit, this Court lacks subject matter jurisdiction over this action. *Burton v. Stewart*, 549 U.S. 147, 152–53, 157 (2007) (absent prior authorization, district court lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).[3]

### III.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    All claims asserted in Petitioner Williams' 28 U.S.C. § 2254 Petition (*Doc. 2*) be DENIED, and this case be DISMISSED, without prejudice.

2.    Williams' Motion for Leave to Proceed *in forma pauperis* (*Doc. 1*) be DENIED, as moot.

3.    A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)–(2);  Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 20th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Williams' Petition is further flawed because he did not sign the Petition. *See Doc. 2 at 13.* Rule 2(c)(5) of the Rules Governing § 2254 Cases in the United States District Courts ("The petition must be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242).